IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY DONTE DIXON,

                           Plaintiff,                          OPINION AND ORDER

     v.

                                               17-cv-650-wmc

THE STATE OF WISCONSIN, JEFFERY
KRAMERS, PORSHUA LAWAND, and
PATRICK WAIT,

                          Defendants.

*Pro se* plaintiff Anthony Donte Dixon brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights against defendants the State of Wisconsin, Judge Jeffrey Kramers, Attorney Porshua Lawand, and Attorney Patrick Wait. (Compl. (dkt. #1).)[1] Because Dixon was incarcerated at the time he filed this complaint and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will deny him leave to proceed, finding that his claims are (1) barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) subject to immunity with respect to his proposed claims against the State of Wisconsin, Kramers and Lawand, and (3) fail to meet the "state actor" requirement under 42 U.S.C. § 1983 with respect to Wait.

---

[1] From the dockets for Dixon's criminal prosecutions, it appears that the correct spelling of defendants' names are Jeffrey Kremers and Porchia Lewand, but given the court's decision to dismiss this action, the docket in this civil case need not be corrected.

ALLEGATIONS OF FACT[2]

The allegations in plaintiffs' complaint are straight-forward. Dixon alleges that he was "arrested and charged on hearsay evidence only," and specifically alleges that there was no "physical evidence linking [him] to the crime." (Compl. (dkt. #1) 3.) Dixon also alleges that his counsel Attorney Wait was ineffective because he failed to subpoena witnesses. Dixon requested that his counsel withdraw, and alleges that Judge Kramers denied him new counsel, forcing him to proceed *pro se*, and that he did not allow him to present any witnesses or alibi to support his defense. With respect to the prosecutor Attorney Lawand, Dixon alleges that she "didn't have my full discovery [in] time to go over evidence but still proceeded with tr[ia]l." (*Id.* at 4.)

A search of the Wisconsin Circuit Court electronic records revealed two 2016 criminal cases with Anthony Donte Dixon as the defendant and list the three individual defendants in these cases as participants in those criminal prosecutions. *See Wisconsin v. Dixon*, No. 2016CF002789 (Milwaukee Cty. Cir. Ct. June 29, 2016); *Wisconsin v. Dixon*, No. 2016CF003737 (Milwaukee Cty. Cir. Ct. Aug. 24, 2016).[3] In the '2789 case, a jury found Dixon guilty on two counts; in the '3737 case, a jury found Dixon guilty on one

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[3] The court may take judicial notice of matters of public record, including the state court docket, decisions and documents filed in that action that are publicly accessible. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

count and not guilty on two others counts.[4]

OPINION

Plaintiff seeks to recover damages for alleged constitutional violations by defendants during his criminal prosecution. As a threshold matter, to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487.

Even assuming Dixon's allegations about the actions of the judge, prosecutor and defense attorney in his complaint are true, Dixon's allegations would necessarily implicate the validity of his convictions. Public records confirm that this conviction has not been invalidated or set aside by an authorized tribunal or by a federal habeas corpus proceeding

---

[4] The court also notes that according to the criminal dockets, Dixon's convictions and sentences were affirmed by the Wisconsin Court of Appeals. *See Wisconsin v. Dixon*, Nos. 2017AP2221-CR, 2017AP2222-CR (Wis. Ct. App. June 5, 2018).

under 28 U.S.C. § 2254. Absent a showing that the disputed convictions have been invalidated or set aside, the rule in *Heck* precludes his claim for damages. Because his claims are barred, the court must deny leave to proceed and dismiss this case as legally frivolous. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (A complaint that is barred by *Heck v. Humphrey* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).[5]

Moreover, even if plaintiff were successful in challenging his conviction, the State of Wisconsin, Judge Kramers and the prosecutor, defendant Lawand, are entitled to immunity from damages. *See* U.S. Const. amend. XI (barring claims against the State); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that judges are entitled to absolute immunity; "judicial immunity is not overcome by allegations of bad faith or malice"). As such, plaintiff's proposed § 1983 claim against the State, Kramers and Lawand must be dismissed as legally frivolous. *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (per curiam).

---

[5] If the only hurdle to plaintiff's claims were that they were barred by the rule in *Heck*, then the claims would be dismissed without prejudice. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (per curiam). Because of the other reasons for denying plaintiff leave, however, the court will dismiss the claims with prejudice. Specifically, as explained in the text above, to the extent plaintiff' claims could be divided or limited in some way to the counts for which he was *not* convicted, plaintiffs' proposed lawsuit still fails on grounds of immunity and the "state actor" requirement.

Finally, defense attorneys, even those appointed by the court, are not considered state actors for purposes of a claim under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Accordingly, Dixon's claims against his Attorney Wait must also be dismissed as legally frivolous.

## ORDER

IT IS ORDERED that:

1) Plaintiff Anthony Donte Dixon's motion for leave to proceed is DENIED, and this lawsuit is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2) The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

Entered this 26th day of October, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge